**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BORGWARNER ITHACA LLC,

*Plaintiff*,

v.

SCHAEFFLER AG and SCHAEFFLER GROUP USA INC.,

*Defendants*.

**Civil Action No. 2:20-cv-10928-TGB-MJH**

**Hon. Terrence G. Berg**
**Hon. Michael J. Hluchaniuk**

**JURY TRIAL DEMANDED**

# DEFENDANTS SCHAEFFLER AG AND SCHAEFFLER GROUP USA INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT AND AFFIRMATIVE DEFENSES

Defendants Schaeffler AG ("Schaeffler AG") and Schaeffler Group USA Inc. ("Schaeffler USA") (collectively, "Defendants" or "Schaeffler") hereby answer Plaintiff BorgWarner Ithaca LLC's ("Plaintiff" or "BorgWarner") Complaint for Patent Infringement ("Complaint") as follows:

## GENERAL DENIAL

Unless specifically admitted below, Schaeffler denies each and every allegation in the Complaint. To the extent the headings of the Complaint are construed as allegations, they are each denied.

## RESPONSE TO SPECIFIC ALLEGATIONS

Schaeffler hereby answers the numbered paragraphs of the Complaint with the following correspondingly numbered responses:

## I. THE PARTIES

1. Schaeffler lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

2. Schaeffler AG admits that it is a corporation organized and existing under the law of the Federal Republic of Germany and has its principal place of business at Industriestraße 1-3, D-91074 Herzogenaurach, Germany. Schaeffler AG further admits that it is a shareholder of Defendant Schaeffler USA. Except as expressly admitted, Schaeffler AG denies the remainder of the allegations in this paragraph.

3. Schaeffler USA admits that it is a corporation organized and existing under the laws of the State of Delaware. Schaeffler USA further admits that The Corporation Company is identified as the resident agent for Schaeffler Group USA Inc. in the State of Michigan. Except as expressly admitted, Schaeffler USA denies the remainder of the allegations in this paragraph.

4. Schaeffler denies the allegations in this paragraph.

5. Schaeffler denies the allegations in this paragraph.

6. Schaeffler denies the allegations in this paragraph.

7. Schaeffler admits that Engine Systems BD develops and provides components and systems for engines, where its portfolio includes variable valve train systems and camshaft phasing systems. Except as expressly admitted, Schaeffler denies the remainder of the allegations in this paragraph.

8. Schaeffler USA admits that it makes automotive products and camshaft phasing systems for vehicles manufactured by Original Equipment Manufacturers, such as General Motors and Ford, and for vehicles in the automotive aftermarket.

## II. JURISDICTION AND VENUE

9. Schaeffler denies that it is liable for patent infringement under the patent laws of the United States, Title 35, Unites States Code §1, *et seq*. Otherwise, admitted.

10. Schaeffler admits that this Court has subject matter jurisdiction because this case arises under the patent laws of the United States, subject to its affirmative defenses outlined below. Except as expressly admitted, Schaeffler denies the remainder of the allegations in this paragraph.

11. Schaeffler admits that venue is proper in this District for this particular case only. Except as expressly admitted, Schaeffler denies the remaining allegations of this paragraph.

12. Schaeffler USA admits that it is subject to personal jurisdiction in this District for this particular case only. Except as expressly admitted, Schaeffler denies the remaining allegations of this paragraph.

## III. PATENT-IN-SUIT

13. Schaeffler admits that Exhibit 1 to the Complaint purports to be a copy of United States Patent No. 7,194,992 ("the '992 patent" or "asserted patent"). Schaeffler admits that the '992 patent attached as Exhibit 1 to the Complaint is titled "HYDRAULIC CUSHIONING OF A VARIABLE VALVE TIMING MECHANISM," and on its face identifies the date of issuance as "Mar. 27, 2007." Schaeffler further admits that the '992 patent attached as Exhibit 1 to the Complaint on its face states that it was filed as a "Continuation-in-part of application No. 10/376,876, filed on Feb. 28, 2003, now Pat. No. 6,866,013," and further identifies "Provisional application No. 60/374,241, filed on Apr. 19, 2002." Except as expressly admitted, Schaeffler denies the remaining allegations of this paragraph.

14. Schaeffler lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

15. Schaeffler admits that the ’992 patent attached as Exhibit 1 to the Complaint is titled “HYDRAULIC CUSHIONING OF A VARIABLE VALVE TIMING MECHANISM.” Except as expressly admitted, Schaeffler denies the remaining allegations of this paragraph. Schaeffler further denies that the asserted patent claims an “invention.”

**VARIABLE CAM TIMING SYSTEMS**

16. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

17. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

18. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

19. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

20. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

21. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

22. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

23. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

24. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

25. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

26. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

27. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

28. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

29. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

30. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

31. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

32. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

33. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

34. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony. To the extent a response is required, Schaeffler denies the allegations in this paragraph.

35. This paragraph includes an incomplete, unsourced and/or inaccurate characterization of technology and/or the asserted patent, and further calls for expert testimony.

To the extent a response is required, Schaeffler denies the allegations in this paragraph. Schaeffler further denies that the asserted patent claims an "invention."

## IV. SCHAEFFLER'S VARIABLE CAM TIMING SYSTEM

36. Schaeffler denies the allegations in this paragraph.

37. Schaeffler USA admits that it has provided variable cam timing systems to General Motors and Ford. Except as expressly admitted, Schaeffler denies the remainder of the allegations in this paragraph.

38. Schaeffler USA admits that it has manufactured a phaser for General Motors having a part number 12662599. Schaeffler is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in this paragraph and therefore denies the same.

39. Schaeffler admits that this paragraph includes an unsourced image that purports to be a part number 12662599 variable cam timing phaser that is partially disassembled. Except as expressly admitted, Schaeffler denies the remainder of the allegations in this paragraph.

40. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

41. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied.

Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

42. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

43. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

44. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

45. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

46. Schaeffler USA admits that it has manufactured a phaser for General Motors having a part number 12585994. Schaeffler is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in this paragraph and therefore denies the same.

47. Schaeffler admits that this paragraph includes an unsourced image that purports to be a part number 12585994 variable cam timing phaser that is partially disassembled. Except as expressly admitted, Schaeffler denies the remainder of the allegations in this paragraph.

48. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

49. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

50. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

51. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

52. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

53. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

54. Schaeffler USA admits that it has manufactured a phaser for General Motors having a part number 12623368. Schaeffler is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in this paragraph and therefore denies the same.

55. Schaeffler admits that this paragraph includes an unsourced image that purports to be a part number 12623368 variable cam timing phaser that is partially disassembled. Except as expressly admitted, Schaeffler denies the remainder of the allegations in this paragraph.

56. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

57. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

58. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

59. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

60. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied.

Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

61. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

62. Schaeffler USA admits that it has manufactured a phaser for General Motors having a part number 12630091. Schaeffler is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in this paragraph and therefore denies the same.

63. Schaeffler admits that this paragraph includes an unsourced image that purports to be a part number 12630091 variable cam timing phaser that is partially disassembled. Except as expressly admitted, Schaeffler denies the remainder of the allegations in this paragraph.

64. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

65. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied.

Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

66. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

67. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

68. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

69. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

70. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

71. Schaeffler USA admits that it has manufactured a phaser for Ford having a part number 3R2Z-6A257-DA. Schaeffler admits that this paragraph includes an unsourced image that purports to be a part number 3R2Z-6A257-DA variable cam timing phaser that is partially disassembled. Schaeffler is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in this paragraph and therefore denies the same.

72. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

73. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

74. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied.

Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

75. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

76. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

77. The allegations in this paragraph are legal conclusions based and/or reliant upon Plaintiff's contention as to the meaning of one or more claim terms of the asserted patent and do not require a response. To the extent a response is required, the allegations are denied. Schaeffler further denies that it is infringing or has infringed any valid and enforceable claim of the asserted patent.

## COUNT I – PATENT INFRINGEMENT

## INFRINGEMENT OF U.S. PATENT NO. 7,194,992

78. Schaeffler repeats and incorporates by reference its responses to each of paragraphs 1 through 77 as referred to in this paragraph.

79. Schaeffler denies the allegations in this paragraph.

80. Schaeffler denies the allegations in this paragraph.

81. Schaeffler admits that it has received a copy of the Complaint. Except as expressly admitted, Schaeffler denies the remainder of the allegations in this paragraph.

82. Schaeffler denies the allegations in this paragraph.

83. Schaeffler denies the allegations in this paragraph.

84. Schaeffler denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Schaeffler denies all allegations in Plaintiff's prayer for relief and denies that Plaintiff is entitled to any relief, as prayed for in its Complaint or otherwise.

## DEMAND FOR JURY TRIAL

Schaeffler hereby demands a jury trial on all issues so triable.

* * *

## SCHAEFFLER'S DEFENSES

Schaeffler asserts the following affirmative and other defenses in response to the Complaint. Schaeffler reserves the right to supplement and/or amend its defenses and to assert additional defenses as this action proceeds.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

85. Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Non-infringement)

86. Schaeffler has not directly infringed, and is not directly infringing, any claims of the asserted patent, willfully or otherwise, either literally or under the Doctrine of Equivalents.

87. Schaeffler has not induced or contributed to, and is not inducing or contributing to, infringement of the asserted patent, willfully or otherwise, either literally or under the Doctrine of Equivalents.

**THIRD AFFIRMATIVE DEFENSE**

**(Invalidity)**

88. The asserted patent and its claims are invalid because they fail to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including but not limited to the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 115, and/or 116.

**FOURTH AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

89. Plaintiff is estopped from construing the claims of the asserted patent to cover or include, either literally or by application of the doctrine of equivalents, any accused device manufactured, used, imported, sold, or offered for sale by Schaeffler because of admissions, amendments, and/or statements to the USPTO made during prosecution of the applications leading to the issuance of the asserted patent and/or related family members.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Right to Injunctive Relief)**

90. Plaintiff is not entitled to injunctive relief because, among other things, any alleged injury can be adequately compensated for by monetary damages, and the balance of hardships do not warrant injunctive relief.

**SIXTH AFFIRMATIVE DEFENSE**

**(Limitation on Damages)**

91. Plaintiff's claim for damages, if any, against Schaeffler for alleged infringement of the asserted patent is statutorily limited, in whole or in part, by the provisions of 35 U.S.C. §§ 286, 287, and/or 288.

## SEVENTH AFFIRMATIVE DEFENSE

**(Failure to Mark / Failure to Mitigate)**

92. On information and belief, Plaintiff's case and/or damages is limited in whole or in part by its failure to mark and/or failure to mitigate, including without limitation Plaintiff's failure to mark its own products with the number of the asserted patent and/or to police the marking of its customers and licensees.

## EIGHTH AFFIRMATIVE DEFENSE

**(No Willful Infringement)**

93. Plaintiff is not entitled to seek enhanced damages or attorneys' fees for willful and deliberate infringement.

## NINTH AFFIRMATIVE DEFENSE

**(No Fees)**

94. Plaintiff is not entitled to seek fees under 35 U.S.C. § 288.

## SCHAEFFLER'S PRAYER FOR RELIEF

WHEREFORE, Schaeffler requests that:

A. Plaintiff take nothing by its Complaint;

B. The Court enter judgment in favor of Schaeffler in this action, and deny Plaintiff all requested relief;

C. The Court find that the asserted patent is not infringed by Schaeffler;

D. The Court find that the asserted patent is invalid;

E. The Court find that Plaintiff is entitled to no injunctive relief;

F. The Court find that Plaintiff is entitled to no damages, in view of Schaeffler's affirmative defenses;

G. The Court declare that this is an exceptional case entitling Schaeffler to its reasonable attorney fees under 35 U.S.C. § 285;

H. The Court award Schaeffler its costs and reasonable attorney fees; and

I. The Court grant Schaeffler all other and further relief to which it may show itself to be entitled.

Date: August 13, 2020

Respectfully submitted,

By: _*/s/ Frank C. Cimino, Jr.*__

Frank C. Cimino, Jr.
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
Telephone: (202) 344-4569
Facsimile: (202) 344-8300

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2020 a true and correct copy of the foregoing was served using the Court's CM/ECF system, with electronic notification of such filing to all counsel of record.

_*/s/ Frank C. Cimino, Jr.*__
Frank C. Cimino, Jr.