UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BORGWARNER ITHACA LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SCHAEFFLER AG and,<br>SCHAEFFLER GROUP USA INC.,<br><br>　　　　　　Defendants. | Case No. 2:20-cv-10928-TGB-MJH<br><br>Honorable Terrence G. Berg<br><br>Magistrate Judge Michael Hluchaniuk |

### PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following protective order:

**1.     Confidential Information** – Any document or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available (such as research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

**2.     Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

1

A.   As a receiving party, not more than four representatives of Plaintiff BorgWarner Ithaca LLC, four representatives of Defendant Schaeffler Group USA, Inc., and one representative of Defendant Schaeffler AG who are officers or employees of the receiving party, who may be, but need not be, in-house counsel for the receiving party, as well as their immediate support staff (e.g., copying and document management personnel), provided that each such person has agreed to abide by the terms this Protective Order by signing Exhibit A.

B.   Outside attorneys of record in this lawsuit and their support staff (e.g., copying and document management personnel).

C.   Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 6 below.

D.   Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

E.   Court reporters, stenographers and videographers retained to record testimony taken in this action.

F.   This Court and its staff members, and the jury.

    G.    Graphics, translation, design, and/or trial consulting personnel who agree to abide by the terms of this Protective Order on behalf of themselves and their staff by signing Exhibit A.

    H.    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

    I.    Any other person with the prior written consent of the producing party.

**3.**    **Highly Confidential Information – Attorney's Eyes Only** – Any document or thing that a party in good faith believes to contain highly confidential information that is not publicly available (such as a trade secret, or highly confidential research and development, product design, commercial, financial, or other sensitive information) may be produced by that party with the clear and obvious designation "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

**4.**    **Non-Disclosure of Highly Confidential Information** – Any document or thing designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be used to prosecute or defend this action and shall not be disclosed to (nor the content discussed with) anyone other than the following persons:

    A.    Outside attorneys of record in this lawsuit and their support staff (e.g., copying and document management personnel) who are not involved in patent prosecution for the receiving party in the same technology area,

      and who are not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party or a competitor of a party.

B.     Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 6 below.

C.     Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

D.     Court reporters, stenographers and videographers retained to record testimony taken in this action.

E.     This Court and its staff members, and the jury.

F.     Graphics, translation, design, and/or trial consulting personnel who agree to abide by the terms of this Protective Order on behalf of themselves and their staff by signing Exhibit A.

G.     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

H.     Any other person with the prior written consent of the producing party.

**5.** **Disclosure and Review of Source Code** – The parties do not anticipate production of source code (e.g., computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code) in this action. To the extent that relevant discovery in this action includes source code, the parties will submit an addendum to this Protective Order governing the disclosure and review of source code for approval by the Court.

**6.** **Disclosure to Experts and Consultants** – Before any documents, testimony, or other information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" are disclosed to an independent expert or consultant (the "proposed expert"), the receiving party shall give the producing party ten (10) days written notice of the proposed expert. The written notice shall include:

    A.    the name of the proposed expert;

    B.    an up-to-date curriculum vitae of the proposed expert;

    C.    the present employer and title of the proposed expert;

    D.    an identification of all of the proposed expert's past and current employment and consulting relationships, during the previous five years, including direct relationships and relationships through entities owned or controlled by the proposed expert;

  E. an identification of all pending patent applications on which the proposed expert is named as an inventor, in which the proposed expert has any ownership interest, or as to which the proposed expert has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

  F. a list of the cases in which the proposed expert has testified at deposition or trial within the last five (5) years.

Further, the receiving party shall provide such other information regarding the proposed expert's professional activities reasonably requested by the producing party for it to evaluate whether good cause exists to object to the disclosure of designated confidential materials to the proposed expert, although such request for additional information shall not cause any expansion of the notice and objection period, unless the parties otherwise agree in writing. If the producing party objects to the expert, the parties shall meet and confer in good faith within seven (7) days to resolve the dispute informally. If the dispute is not resolved, the party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek a protective order or other appropriate relief from the Court. No designated material or information of the producing party shall be disclosed to the expert or consultant until the issue is resolved by the parties or by the Court. An initial failure to object

to a person under this paragraph shall not preclude the non-objecting party from later objecting to continued access by that person for good cause, at which point the parties will use the process set forth above for resolving the objection.

7.     **Discovery From Experts or Consultants** – Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.  *See* Fed. R. Civ. P. 26(b)(3) and (4). Notes or outlines for draft reports developed and drafted by a testifying expert and/or his or her staff are also exempt from discovery.  No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case, for which such non-testifying expert will be subject to the same scope of discovery as a testifying expert.  No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case, or such conversations or communications between counsel and testifying expert occur during the pendency of the testifying expert's deposition (including during any breaks in the deposition), and such conversations or communications relate to the subject matter of the testifying expert's reports,

opinions and/or deposition. Reports, materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation and Order. Except as set forth herein, an expert disclosed as a non-testifying expert shall not present testimony at trial, including in person, by video or by affidavit, unless and to the extent previously agreed to in writing by the parties.

**8.     Use of Designated Material at Deposition or Hearing** – Nothing contained herein shall be construed to prejudice any party's right to use any document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in taking testimony at any deposition or hearing provided that the designated material is only disclosed to a person(s) who is: (i) eligible to have access to the designated material by virtue of his or her employment with the designating party; (ii) identified in the designated materials as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such designated material, has, in the ordinary course of business, seen such designated materials; (iv) a current or former officer, director or employee of the producing party or a current or former officer, director or employee of a company affiliated with the producing party; (v) otherwise entitled to access designated material under paragraphs 2 or 4, or (vi) permitted access by agreement by the parties.

**9.** **Deposition Testimony** – Any portions of requested testimony, a transcript and/or a brief may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if the party or attorney making the designation reasonably and in good faith believes it will reveal a trade secret or other confidential research and development, commercial, or sensitive information.

**10.** **Motion Practice** – This Order does not authorize the filing of any documents under seal.  Local Rule 5.3 shall apply to the sealing of documents submitted as part of a motion or other court filing.  Documents may be sealed only as authorized by statute, rule, or specific order of the Court.  The Court notes that the standards under Rule 26 for entering a protective order to govern discovery differ from the more demanding standards for sealing off judicial records from public view. *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).  There is a "strong presumption in favor of openness' regarding court records." *Id*. at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.3d 1165, 1180 (6th Cir. 1983).  If a party intends to file a document with the Court that contains or reflects, in whole or in part, information from another party produced under either the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designations, the filing party shall file such document under seal, or file a motion to seal such document, as

required under Local Rule 5.3. The filing party shall also inform the producing party prior to filing a motion to seal, and for any document (excluding motion papers) intended to be filed under seal as an exhibit, shall provide the producing party with a reasonable opportunity to identify any designated confidential information in such exhibit that requires redaction before such motion to seal is filed.

11. **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit. Third parties may designate information produced under either the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation.

12. **Challenging "Confidential" or "Highly Confidential" Designation** – Any party that wishes to challenge the designation of any document, thing, or testimony as confidential or highly confidential under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court. The designating party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

13. **Trial Testimony** – This Protective Order shall not govern proceedings at trial. For trial, the parties will set forth a procedure in the pretrial order, subject to the Court's approval, for the handling of produced documents and things designated as

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that are used at trial.

14. **Secure Storage, No Export** – All documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" must be stored and maintained by the receiving party in a secure manner that ensures that access is limited to the persons authorized under this Order. If the producing party has actual knowledge that a document or thing is barred from export under a specific provision of the United States Export Administration Regulations, the producing party shall so inform the receiving party when such document or thing is produced.

15. **Termination of Lawsuit** – All documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," and all copies thereof, shall either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them. This provision shall not apply to documents and things the Court determines are not confidential. Notwithstanding the above, after final disposition of this action the parties may retain for their records one copy of the following documents, regardless of their confidentiality designation: (1) any document filed in this action (e.g., motion papers), and (2) expert reports served in this action, and all exhibits thereto.

Even after the final disposition of this action, the confidentiality obligations imposed by this Order shall remain in effect until a producing party agrees otherwise in writing or a court order otherwise directs.

**16.     Inadvertent Failure to Designate Properly** – The inadvertent failure by a Producing Party to designate a document or thing with one of the designations provided for under this Order shall not waive any such designation provided that the producing party notifies all receiving parties that such material is protected under one of the categories of this Order within fourteen (14) days of the producing party learning of the inadvertent failure to designate.  The producing party shall reproduce the document or thing with the correct confidentiality designation within seven (7) days upon its notification to the receiving parties. Upon receiving the document or thing with the correct confidentiality designation, the receiving parties shall return or securely destroy, at the producing party's option, such document or thing that was not designated properly.  A receiving party shall not be in breach of this Order for any use of such document or thing before the receiving party receives notice that such document or thing is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the document or thing should have been appropriately designated with a confidentiality designation under this Order.

**17. Inadvertent Disclosure Not Authorized By Order** – In the event of a disclosure of document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the party responsible for having made such disclosure shall immediately notify counsel for the producing party whose material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

**18. Inadvertent Production of Privileged Material** – Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.). However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days. Any party that inadvertently or unintentionally produces material it reasonably believes is privileged and/or protected may obtain the return of such material by promptly notifying all receiving parties and providing a privilege log for the

inadvertently or unintentionally produced material. The receiving parties shall gather and return all copies of such material to the producing party, except for any pages containing privileged or otherwise protected markings by the receiving party, which pages shall instead be destroyed and certified as such to the producing party.

**19. Prosecution Bar** – Absent the written consent of a Producing Party, any outside counsel, expert or consultant of a Receiving Party who has reviewed any opposing Producing Party's materials designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" (other than such designated materials solely describing or relating to non-technical information) shall not, for a period commencing upon receipt of such materials and ending one (1) year following the final resolution of the action (including any appeals) engage in any Prosecution Activity (as defined below) substantially related to the subject matter of the patent-in-suit. "Prosecution Activity" shall mean: (1) preparing and/or prosecuting any patent application (or portion thereof), whether design or utility, on behalf of a patentee/applicant or assignee of a patentee's/applicant's rights, in the United States or a foreign country; or (2) preparing patent claim(s) on behalf of a patentee/applicant or assignee of a patentee's/applicant's rights. Prosecution Activity does not include administrative tasks ancillary to the activities described above (e.g., invoicing, billing, collection, etc.). This prosecution bar (i) is personal to the individual who has reviewed the designated information and shall not be

imputed to any other person or entity and (ii) shall not be triggered by an attorney's reviewing or otherwise learning the substance of his or her client's Highly Confidential information.

**20.  Miscellaneous**

    A.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each party to assert any applicable discovery objection or privilege.

    B.    Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    C.    Notwithstanding anything to the contrary above, nothing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular documents or things are confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

    D.    Unless explicitly addressed herein, nothing in this Order shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of Michigan, or the Court's own orders.

    E.    Production of any designated material by each of the Parties shall not be deemed a publication of the documents, information and material (or

the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

**SO ORDERED**

Dated: August 10, 2021

/s/Terrence G. Berg_____
The Honorable Terrence G. Berg
United States District Court Judge

Respectfully submitted on this 9th day of August 2021 by:

s/*Kristopher K. Hulliberger*
Kristopher K Hulliberger (P66903)
HOWARD & HOWARD ATTORNEYS PLLC
450 West Fourth Street
Royal Oak, MI 48067
(248) 723-0453
KHulliberger@howardandhoward.com

Steven Pepe
Jolene L. Wang
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
Steven.Pepe@ropesgray.com
Jolene.Wang@ropesgray.com

Scott S. Taylor
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199

s/*with consent of Jason Dorsky*
Patrick G. Seyferth (P47575)
Susan M. McKeever (P73533)
BUSH SEYFERTH PLLC
100 West Big Beaver
Suite 400
Troy, MI 48084
(248) 822-7800
seyferth@bsplaw.com
mckeever@bsplaw.com

Frank C. Cimino
Justin J. Oliver
Jason M. Dorsky
VENABLE LLP
600 Massachusetts Ave., NW
Washington, DC 20001
(202) 344-4000
FCCimino@Venable.com
JOliver@Venable.com
JMDorsky@Venable.com

16

(617) 951-7000
Scott.Taylor@ropesgray.com

James R. Batchelder
James F. Mack
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
(650) 617-4000
James.Batchelder@ropesgray.com
James.Mack@ropesgray.com

*Attorneys for Plaintiff BorgWarner Ithaca LLC*

*Attorneys for Defendants Schaeffler AG and Schaeffler Group USA Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BORGWARNER ITHACA LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCHAEFFLER AG and,<br>SCHAEFFLER GROUP USA INC.,<br><br>　　　　　Defendants. | Case No. 2:20-cv-10928-TGB-MJH<br><br>Honorable Terrence G. Berg<br><br>Magistrate Judge Michael Hluchaniuk |

### EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare as follows:

1.　I have read the Protective Order in the above captioned case.

2.　I promise that I will only use the documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that are given to me for purposes of this lawsuit.

3.　I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" with anyone other than the persons described in the Protective Order.

4.     I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

5.     I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: _____             _____
                                                             [Signature]